UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 3:24-CR-18-CCB |
| ) | |
| NICHOLAS LEE CANNAN ) | |

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America through Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, by Lydia T. Lucius, Assistant United States Attorney, to submit the following memorandum in preparation for the sentencing hearing in this case. For the foregoing reasons, the government recommends that Nicholas Cannan receive a sentence of 1 year of probation.

**I.    The nature and circumstances of the offense.**

On June 28, 2023, Nicholas Cannan went inside of a gun shop in Michigan City to purchase a Glock .22 40 caliber pistol. Cannan filled out the 4473 Form and affirmed that he was the actual transferee/buyer of the firearm. However, Cannan was not the actual transferee/buyer and was instead buying the firearm for another person, who had given Cannan $570 to purchase the gun and also paid Cannan an additional $100 for buying it.

1

The PSR accurately calculates Cannan's base offense level at 12, under U.S.S.G. § 2K2.1(a)(7). He receives a 2-level reduction for clearly demonstrating acceptance of responsibility for this offense, which results in a total offense level of 10. Cannan garners no criminal history points and is placed in Criminal History Category I, which results in a guideline range of 6-12 months of imprisonment, in Zone B of the Sentencing Table. Accordingly, the sentence may be satisfied by a term of probation, and if probation is imposed, the term must be at least one year but not more than five years.

## II.   The defendant's history and characteristics.

Cannan has no prior juvenile adjudications or adult criminal convictions. His only prior arrests unrelated to this offense involved the possession of marijuana and paraphernalia as a juvenile and hunting without the consent of a landowner. He may have a demonstrated need for drug treatment in the future, as evidenced by some of his prior substance use and three positive urine screens while on pretrial supervision. He dropped out of school to start working, and while he has switched jobs on occasion, he has a steady employment record throughout the past several years. He reported being a long-time resident of LaPorte County, growing up with a good childhood, and having a close family.

### III. The seriousness of the offense, just punishment, deterrence, and respect for the law.

While Cannan's criminal history is slim-to-none, that is expected of someone who can legally purchase a firearm directly from an FFL. In many cases, a lacking criminal history is seen in mitigation, but in this case, it served as a conduit to lie to an FFL and obtain a firearm for someone else. The purpose of federal gun laws and record keeping requirements is to ensure that law enforcement is able to track and investigate crimes involving firearms and likewise help ensure that firearms do not fall into the hands of those who are prohibited from possessing them. *See Abramski v. United States*, 573 U.S. 169, 170-172 (2014). Cannan undermined that purpose when he made misrepresentations on the 4473 Form and when he gave the gun to someone else. The government's proposed sentence aims to promote respect for the law. *See* 18 U.S.C. § 3533(a)(2)(A).

It also may not have been the first time that Cannan made a false misrepresentation to an FFL or bought a firearm for another person. *See* PSR ¶ 12. An admonishment from the Court is necessary to deter him from re-offending. *See* 18 U.S.C. § 3553(a)(2)(B). The fact that he has been adjudicated as a felon and is no longer allowed to purchase firearms—for himself or others—or otherwise possess them, serves as an additional deterrent in this case. *Id.*

Aside from his more recent positive urine screens, Cannan has complied with Court ordered conditions of pretrial release. Pursuant to 18 U.S.C. § 3565(a)(2), if Cannan were to violate a condition of probation, the Court could revoke his probation and resentence him to a term of incarceration. Given this ramification, Cannan is incentivized to comply with the Court ordered terms of probation. Furthermore, the government's proposed sentence will also allow Cannan to address any substance abuse treatment needs in a community setting, as opposed to incarceration. *See id*. at § 3553(a)(2)(D).

**IV.   The government's sentencing recommendation.**

The defendant timely accepted responsibility for this offense. Pursuant to the plea agreement, the government will move to dismiss Count 2 of the Indictment at sentencing. The government hereby recommends that Nicholas Cannan receive a sentence of 1 year of probation.

        Respectfully submitted,

        TINA L. NOMMAY
        ACTING UNITED STATES ATTORNEY

By:   *s/ Lydia T. Lucius*
        LYDIA T. LUCIUS
        Assistant United States Attorney
        M01 Robert A. Grant Federal Bldg.
        204 S. Main Street
        South Bend, Indiana 46601
        Tel:   (574) 236-8287
        Fax:  (574) 236-8155
        E-mail:  Lydia.Lucius@usdoj.gov